3:11-cv-4403 JSC

JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**
Peter M. Kohlstadt

**DEFENDANTS**
SOLYNDRA, LLC

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jack A. Raisner, René S. Roupinian and Nantiya Ruan
OUTTEN & GOLDEN LLP,
3 Park Ave. 29th Floor New York, NY 10016
Tel: (212)245-1000

Attorneys (If Known)

File by Fax

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | | [X] 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 462 Naturalization Application ☐ 463 Habeas Corpus – Alien Detainee ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
[X] 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2104, et seq.
Brief description of cause:
Violation of federal WARN Act and California WARN Act

**VII. REQUESTED IN COMPLAINT:**
[X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA

DATE
09/02/11

SIGNATURE OF ATTORNEY OF RECORD

Nantiya Ruan (SBN 230488)
Jack A. Raisner (JR 6171[NY])
René S. Roupinian (RR 3883[NY])
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

ADR

FILED
SEP - 2 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

File by Fax

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PETER M. KOHLSTADT**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SOLYNDRA, LLC**<br><br>Defendant. | Civ. Case No. **C11-04403 JSC** |

**CLASS ACTION COMPLAINT for**
**(1) VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.***
**and (2) VIOLATION OF CALIFORNIA LABOR CODE § 1400 *et seq.***

Plaintiff, PETER M. KOHLSTADT ("Plaintiff"), alleges on behalf of himself and the class of those similarly situated as follows:

## NATURE OF THE ACTION

1. On or about August 31, 2011, Defendant ordered mass layoffs and/or a plant closings as defined by 29 U.S.C. § 2101(a)(2), (3), for which it was required to provide 60 days advance written notice under the WARN Act to its employees. Defendant began terminating

1  approximately 1,100other similarly situated employees at its facilities in the Freemont,
2  California area and elsewhere (the "other similarly situated former employees").
3      2.    The Plaintiff brings this action on behalf of himself, and approximately1,100other
4  similarly-situated former employees who were terminated in mass layoffs or plant closingsfrom
5  Defendant's facilities on or about August 31, 2011, and in the days thereafter. These employees
6  were not provided 60 days advance written notice of their terminations by Defendant, as required
7  by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the
8  "WARN Act") and the California Labor Code § 1400 et seq. ("CAL WARN Act").
9      3.    Plaintiff and all similarly situated employees seek to recover 60 days wages and
10 benefits, pursuant to 29 U.S.C. § 2104, from Defendant.

11 **JURISDICTION AND VENUE**

12     4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334,
13 1367, and 29 U.S.C. § 2104(a)(5).
14     5.    Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

15 **THE PARTIES**

16 *Plaintiff*

17     6.    Plaintiff Peter Michael Kohlstadt was employed by Defendant as a Research &
18 Development Engineer and worked at its facility located at 901 Page Avenue, Freemont,
19 California until his termination on or about August 31, 2011.

20
21
22
23

*Defendant*

7. Upon information and belief at all relevant times, Defendant maintained and operated its business at its Freemont, California facilities, including those at 47488 Kato Road, Fremont, 1055 Page Avenue, Fremont, and maintained and operated other facilities including 1201 California Circle, Milpitas, California and elsewhere, as that term is defined by the WARN Act (collectively the "Facilities").

8. Upon information and belief and at all relevant times, Defendant Solyndra LLC ("Solyndra") is a limited liability company with its principal place of business located at 47488 Kato Road, Freemont, California, and conducted business in this district.

## WARN ACT CLASS ALLEGATIONS

9. Plaintiff brings the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on his own behalf and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about August 31, 2011, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about August 31, 2011, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

10. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

1  11.  The identity of the members of the class and the recent residence address of each
2  of the WARN Class Members is contained in the books and records, including electronic
3  records, of Defendant.

4  12.  On information and belief, the rate of pay and benefits that were being paid by
5  Defendant to each WARN Class Member at the time of his/her termination is contained in the
6  books and records, including electronic records, of the Defendant.

7  13.  Common questions of law and fact exist as to members of the WARN Class,
8  including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facilities;

    (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

17  14.  The Plaintiff's claim is typical of those of the WARN Class. The Plaintiff, like
18  other WARN Class members, worked at or reported to one of Defendant's Facilities and
19  was terminated without cause on or about August 31, 2011, or within 30 days of that date, due to
20  the mass layoffs and/or plant closings ordered by Defendant.

21  15.  The Plaintiff will fairly and adequately protect the interests of the WARN Class.
22  The Plaintiff has retained counsel competent and experienced in complex class actions, including
23  the WARN Act and employment litigation.

24  16.  Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3)
25  because questions of law and fact common to the WARN Class predominate over any questions
26  affecting only individual members of the WARN Class, and because a class action is superior to

1  other available methods for the fair and efficient adjudication of this litigation – particularly in
2  the context of WARN Act litigation, where individual plaintiffs may lack the financial resources
3  to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages
4  suffered by individual WARN Class members are small compared to the expense and burden of
5  individual prosecution of this litigation.

6  17.  Concentrating all the potential litigation concerning the WARN Act rights of the
7  members of the Class in this Court will obviate the need for unduly duplicative litigation that
8  might result in inconsistent judgments, will conserve the judicial resources and the resources of
9  the parties, and is the most efficient means of resolving the WARN Act rights of all the members
10 of the Class.

11 18.  Plaintiff intends to send notice to all members of the WARN Class to the extent
12 required by Rule 23.

13 **CALIFORNIA WARN ACT CLASS ALLEGATIONS**

14 19.  The Class Plaintiff brings the Second Claim for Relief for violation of Labor
15 Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor
16 Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported
17 to one of Defendant's Facilities and were terminated without cause on or about August 31, 2011
18 and thereafter (the "CAL WARN Class")

19 20.  The persons in the CAL WARN Class identified above ("CAL WARN Class
20 Members") are so numerous that joinder of all members is impracticable. Although the precise
21 number of such persons is unknown, the facts on which the calculation of that number can be
22 based are presently within the sole control of Defendant.

21. On information and belief, the identity of the members of the class and the recentresidence address of each of the CAL WARN Class Members is contained in the books and records of Defendant.

22. On information and belief, the rate of pay and benefits that were being paid by Defendant to each CAL WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

Common questions of law and fact exist as to members of the CAL WARN Class, including, but not limited to, the following:

    (a) whether the members of the CAL WARN Class were employees of the Defendant;

    (b) whether Defendant unlawfully terminated the employment of the members of the CAL WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

    (c) whether Defendant unlawfully failed to pay the CAL WARN Class members 60 days wages and benefits as required by the CAL WARN Act.

23. The Class Plaintiff's claims are typical of those of the CAL WARN Class. The Class Plaintiff, like other CAL WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated on or about August 31, 2011 and thereafter, due to the closure of the Facilities ordered by Defendant.

24. The Class Plaintiff will fairly and adequately protect the interests of the CAL WARN Class. The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the CAL WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

25. Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the CAL WARN Class predominate over any questions affecting only individual members of the CAL WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of CAL WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual CAL WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

26. Concentrating all the potential litigation concerning the CAL WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the CAL WARN Act rights of all the members of the Class.

27. The Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

**CLAIMS FOR RELIEF**

**Federal WARN Act Cause of Action**

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

7

30. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order a mass layoff or plant closing at the Facilities.

31. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

32. On or about August 31, 2011, the Defendant ordered a mass layoff or plant closing at the Facilities, as that term is defined by 29 U.S.C. § 2101(a)(2).

33. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as more than one-third of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

34. The Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facilities.

35. The Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

36. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

37. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

38. The Plaintiff is, and each of the Class Members are, "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

1     39.     Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

    40.     The relief sought in this proceeding is equitable in nature.

## VIOLATION OF CALIFORNIA LABOR CODE - § 1400et seq.

    41.     Plaintiff realleges and incorporates by reference all allegations in all proceeding paragraphs.

    42.     Plaintiff and similarly situated employees who worked at or reported to Defendant's facilities in California ("the California Facilities"), and other "covered establishments," are former "employees," of Defendant as defined in Labor Code § 1400(h).

    43.     Defendant terminated the employment of Plaintiff and other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400(d-f) on or about August 23, 2010 or thereafter.

    44.     At all relevant times, Defendantwas an "employer" as defined in Labor Code § 1400(b).

    45.     Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order, and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

1  46. As a result of Defendant's violation of Labor Code § 1401, the other similarly situated California employees are entitled to damages under § 1402(a), (b), in an amount to be determined.

47. As a result of Defendant's violation of Labor Code § 1401, Defendant is liable and subject to a civil penalty of not more than five hundred dollars ($500) for each day of the violation, under Labor Code § 1403.

48. Plaintiff has incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action; and

B. Designation of the Plaintiff as a Class Representative; and

C. Appointment of the undersigned attorneys as Class Counsel; and

D. A judgment in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A) and the California Labor Code § 1402(a), (b), including any civil penalties; and

1  E. Such other and further relief as this Court may deem just and proper.

2 Dated: September 2, 2011

3            Respectfully submitted,

By: _____
Nantiya Ruan (SBN230488)
Jack A. Raisner (JR 6171[NY])
René S. Roupinian (RR 3883[NY])
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

*Attorneys for Plaintiff and the putative Class*